# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2023

Lyle W. Cayce
Clerk

No. 22-11163

Jessica Murillo,

*Plaintiff—Appellant*,

*versus*

City of Granbury,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-744

Before Clement, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jessica Murillo appeals the district court's grant of the City of Granbury's motion for summary judgment for her FMLA retaliation claim. For the reasons set forth below, we REVERSE and REMAND on that ground for further proceedings.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11163

## I.    Factual & Procedural Background

Murillo became an employee of Granbury in 2017, and eventually began working in its public works department.  In 2020, against the backdrop of the COVID-19 pandemic and Congress's expansion of Family and Medical Leave Act ("FMLA") protected leave access,[1] Murillo reached out to Tracie Sorrells, Granbury's human resources coordinator, and secured permission to take twelve weeks of FMLA leave because Murillo had lost childcare. Sorrells retroactively set the start date for Murillo's leave to be April 1, 2020, and while Murillo's return date was not filled out on her leave form, she understood her return date to be in late June 2020.

Reviewing the facts most favorable to the non-movant, we note that during her FMLA leave, a number of Granbury employees communicated with Murillo.   For instance, one of Murillo's coworkers called her, purportedly at the behest of Rick Crownover, the head of the public works department, to inform Murillo that she needed to return to work.  In addition, a different coworker periodically visited Murillo at her home to ask when she would be returning to work.   Separately, during this period Granbury maintained a policy requiring employees to check in with their supervisors. In accordance with this policy, in early June 2020 Murillo reached out via

---

[1] In response to the COVID-19 pandemic, Congress passed the Families First Coronavirus Response Act ("FFCRA"), *see* Pub. L. No. 116-127, 134 Stat. 178 (2020), which included the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), *see* FFCRA §§ 3101 *et seq.*  The EFMLEA temporarily expanded certain employees' ability to take leave under the FMLA based on an assortment of COVID-related reasons.  *See* FFCRA § 3102(a).  Most relevant here, "the EFMLEA expanded protected leave to employees who were unable to work or telework because their child's school or place of care closed due to COVID-19, or their childcare provider was unavailable due to the same." *Clement v. Surgical Clinic, PLLC*, No. 22-5801, 2023 WL 3035231, at *3 (6th Cir. Apr. 21, 2023).  The FFCRA expired at the end of 2020.  *See* FFCRA § 5109.

email to Crownover, who responded, "Jessica, [a]re you coming back to work?"

Murillo subsequently called Crownover to follow up on this email. According to Murillo, during this call Crownover was angry with her and demanded that Murillo, who felt threatened during this conversation, return to work before the end of her FMLA leave because he needed immediate assistance. In contrast, per Crownover, during this call Murillo inquired as to whether she could work part-time or take unpaid leave, to which Crownover responded that these were not options. Crownover also stated that Murillo informed him during this call that she did not intend to return to work; Murillo disputes this contention.

Murillo then reached out to, and eventually spoke with, Sorrells to complain of Crownover's behavior. Sorrells disagreed with Murillo's characterization of the Crownover call and assured Murillo that nobody was threatening her job. Sorrells also informed Murillo that her FMLA leave was set to expire on June 23, 2020, and that she was expected to return to work on June 24. Murillo later acknowledged that she knew she was expected to return on June 24.

On June 22, Murillo asked Sorrells whether she could use her vacation time to extend her leave and Sorrells informed her that this would not be possible. Murillo responded, asking to use accumulated vacation time or, alternatively, for an explanation for why the use of such time wouldn't be permitted. Nobody from Granbury responded to this inquiry. Then, on June 24, minutes after Murillo's work shift was to start, Crownover informed Sorrells that "Jessica [was] not [t]here," to which Sorrells responded, "Great! I was hoping she wouldn't come in. Let's term [sic] her." Granbury terminated Murillo that day. In the termination letter, Granbury stated that it terminated Murillo because she failed to return to work after her

FMLA leave period had expired, which Granbury considered to be "job abandonment." Per Crownover, there had been no issues with Murillo's job performance prior to her FMLA leave, and Murillo was not normally late to work.

Granbury has a personnel manual that "provide[s] guidelines for management and employees regarding employment matters." As defined in the manual, "job abandonment" is a "[f]ailure to report to work without notification for 3 consecutive days." The manual also includes a progressive discipline policy that outlines graduated responses to non-egregious employee misconduct but provides for termination upon the first instance of sufficiently serious misconduct. Crownover confirmed in his testimony that, under these policies, an employee ordinarily would not be terminated immediately for a single unexcused absence. Crownover also testified that, in the case of such an unexpected absence, he would ordinarily try to contact the employee or her emergency contacts.

Murillo sued Granbury in June 2021.[2] Murillo then submitted a first amended complaint against Granbury, alleging that Granbury (1) retaliated against Murillo for using FMLA-protected leave; (2) violated Murillo's Fourteenth Amendment rights to equal protection and due process by terminating Murillo's employment in violation of 42 U.S.C. § 1983 and retaliating against her for being a working mother; and (3) conspiring to interfere with Murillo's civil rights. Granbury moved to dismiss Murillo's first amended complaint pursuant to Federal Rule of Civil Procedure 12(c), and the district court denied this motion without prejudice.

---

[2] Murillo also initially filed suit against a number of Granbury employees, though the parties later stipulated to, and the district court granted, the dismissal of these other defendants.

Granbury then moved for summary judgment, which Murillo opposed. The district court granted Granbury's motion, reasoning that (1) Murillo's FMLA retaliation claim failed because she was no longer on FMLA leave when she was terminated; (2) Murillo's § 1983 claims failed due to Murillo's inability to identify a constitutional violation, or a policymaker responsible for an unconstitutional policy; and (3) Murillo's conspiracy claim failed given the absence of the type of agreement between multiple people necessary for conspiracy. The district court accordingly entered final judgment. Murillo timely appealed.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction over this case under 28 U.S.C. § 1331. We in turn have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We apply de novo review to a district court's grant of a motion for summary judgment. *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000) (quotation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (per curiam) (quotation omitted). We view the evidence in the light most favorable to the non-movant. *Id.* at 328–29.

No. 22-11163

## III.    Discussion

On appeal, Murillo challenges the district court's grant of Granbury's motion for summary judgment on her FMLA retaliation claim.[3]  Under the FMLA, employees are protected "from retaliation or discrimination for exercising their rights under the FMLA." *Mauder v. Metro. Transit Auth. of Harris Cnty.*, 446 F.3d 574, 580 (5th Cir. 2006).

FMLA retaliation claims are analyzed under the *McDonnell Douglas*[4] burden-shifting framework. *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016).  Under that framework, the employee must first establish a prima facie retaliation case by demonstrating that she: (1) "was protected under the FMLA;" (2) "suffered an adverse employment action;" and (3) "was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because [s]he sought protection under the FMLA." *Mauder*, 446 F.3d at 583; *see also Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 527 (5th Cir. 2021).  "This final element requires proof of a causal link." *Campos*, 10 F.4th at 527.  If the employee demonstrates a prima facie case, the burden then shifts to the employer to present legitimate, nonretaliatory reasons for the adverse action. *Id.* at 521, 528.  "If the employer submits such reasons, the burden shifts back to the employee to show that those reasons are pretextual." *Id.* at 521.

---

[3] Murillo initially averred that the district court's errors apply to FMLA retaliation and interference claims.  However, Murillo later clarified that her references to Granbury's purported interferences were in service of her retaliation claim.  Therefore, our analysis is limited to Murillo's claim of retaliation under the FMLA.  Given the lack of an appeal as to the other grounds, we leave in place the § 1983 and conspiracy summary judgment decisions.

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

6

In this case, the district court agreed with Granbury that "Murillo was not engaged in a protected activity because she was fired after her FMLA leave had expired," and, as such, Murillo failed to establish a prima facie case. However, as we have previously explained, an employee can still establish an FMLA retaliation claim even if the adverse employment action takes place *after* the end of FMLA leave. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768–69 (5th Cir. 2001) ("The FMLA's protection against retaliation is not limited to periods in which an employee is on FMLA leave, but encompasses the employer's conduct both during *and after* the employee's FMLA leave." (emphasis added)), *abrogated on other grounds by Wheat*, 811 F.3d 702; *Campos*, 10 F.4th at 527–28. This is made clear by the fact that temporal proximity between the end of FMLA leave and an adverse employment action can substantiate a causal connection for purposes of establishing a prima facie case. *See Mauder*, 446 F.3d at 583.

Here, when viewing the facts in the light most favorable to Murillo, *see Austin*, 864 F.3d at 328–29, we conclude that Murillo satisfied her prima facie burden. Neither party disputes that Granbury allowed Murillo to go on FMLA leave, which demonstrates that Murillo was "qualified for FMLA leave" and satisfies the first prong. *See Campos*, 10 F.4th at 527–28. Murillo's termination constitutes an adverse employment action that satisfies the second prong. *See id.* at 528. Finally, Granbury terminated Murillo the *day* after Murillo's FMLA leave expired, and indeed *minutes* into the start of her work-shift on the first day she was supposed to return while commenting on how glad they were to terminate her. This "degree of temporal proximity" clearly "support[s] a causal connection for purposes of a prima facie case." *See id.* ("Here, the adverse employment action occurred approximately one month after [appellant's] FMLA leave expired, and we conclude that a month is close enough in time to create a causal connection.").

No. 22-11163

The burden thus shifts to Granbury to offer legitimate, nonretaliatory reasons for Murillo's termination. *See id.* Granbury stated that it fired Murillo because she failed to report to work on the day after her FMLA leave ended and therefore had abandoned her job. Of course, this position is not consistent with their own personnel manual, so it seems questionable. Nonetheless, even assuming arguendo that this reason is legitimate, Murillo has sufficiently raised a factual issue regarding whether it is pretextual. *See id.* at 521. Sorrells stated she was "hoping" Murillo would not return to work and suggested firing Murillo just nine minutes after Murillo's shift started. Murillo was terminated later that day. This reaction runs contrary to the progressive discipline policy in Granbury's personnel manual,[5] particularly given that Murillo had no previous job performance issues and was not normally late to work. Murillo's sudden termination also conflicts with the ordinary reaction to unexpected absences, wherein Crownover would have first attempted to contact Murillo or her emergency contacts. Such deviations can be evidence of pretext. *See, e.g.*, *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 477 (5th Cir. 2015) ("[W]hen an employer opts to have a disciplinary system that involves warnings, failure to follow that system may give rise to inferences of pretext.").

Further, Murillo's failure to show up for work on *one* day does not meet the Granbury personnel manual's definition of "job abandonment," which requires *three* consecutive days of unexplained absence.[6] Murillo also

---

[5] Granbury's assertion that the personnel manual does not provide Murillo a right to progressive discipline is inapposite. Rather, Granbury's decision to terminate Murillo in a way that did not align with its progressive discipline policy may suggest that Murillo was terminated as retaliation for taking FMLA leave, in violation of the FMLA. *See Mauder*, 446 F.3d at 580; *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 477 (5th Cir. 2015).

[6] Nothing in this opinion should be interpreted to be setting a rule for all cases that an employee who does not show up for work after her FMLA leave expires and is fired

No. 22-11163

presented evidence that Granbury wanted her to return to work before her leave was over, which she would not do.  Viewed in the light most favorable to Murillo, these facts could lead a reasonable jury to find that Granbury's proffered reason for terminating Murillo was pretextual.  *See Austin*, 964 F.3d at 328–29.

We therefore conclude that the district court erred in determining that Murillo failed to satisfy her prima facie burden.  Furthermore, a genuine issue of material fact exists, at a minimum, regarding whether Granbury's reason for terminating Murillo was not pretextual.  Accordingly, we conclude the district court erred in granting summary judgment on Murillo's FMLA retaliation claim and REVERSE and REMAND for further proceedings consistent with this opinion.

---

because of that unexcused absence can successfully bring an FMLA retaliation claim solely on the basis of that termination.  The specific facts in this case as detailed above support Murillo's arguments about causal link and pretext.  Thus, this case is decided on the specifics of these facts.